UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN R. NICHOLS, JOHN KAPOOR, DEBORAH DEAVOURS, THOMAS R. DRYDEN, TERRY AKERS, and GARY EVANS, } } } } } | |
| Plaintiffs, } | CASE NO. 2:12-cv-00823-SLB |
| v. } } | |
| HEALTHSOUTH CORPORATION, RICHARD SCRUSHY, WESTON L. SMITH, WILLIAM T. OWENS, EUGENE E. SMITH, UBS FINANCIAL SERVICES, INC., UBS SECURITIES, LLC. } } } } } } } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on the separate and unopposed Motions to Remand filed by defendants UBS Securities, LLC and UBS Financial Services, Inc. (collectively "UBS") and defendant HealthSouth Corp. ("HealthSouth"). (Docs. 4, 6.)[1] For the reasons stated below the Motions will be granted and the case remanded.

### I. FACTS AND PROCEDURAL HISTORY

This case originated in the Circuit Court of Jefferson County, Alabama in 2003 when certain plaintiffs in a federal class action against some of the defendants in this case

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

opted out of a settlement in the federal class action. (Doc. 6 ¶ 1.) The case was still pending in Jefferson County Circuit Court approximately nine years later, when on March 9, 2012, plaintiffs filed a Fifth Amended Complaint, which added new defendants and new claims that certain defendants violated Sections 10(b) and 20(a) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b). (*See* doc. 3.) On March 14, 2012, one of the recently added defendants, Eugene Smith, ("Smith") filed a Notice of Removal pursuant 28 U.S.C. §§ 1441, 1446. (Doc. 1.) No other defendants joined or consented to removal. UBS filed its Motion to Remand on April 5, 2012, (doc. 4), and HealthSouth filed its Motion to Remand on April 10, 2012, (doc. 6). On April 11, 2012 the court set the Motions on a briefing schedule. (Doc. 9.) The Motions remain unopposed as neither plaintiffs nor Smith have responded in opposition.

## II. DISCUSSION

UBS and HealthSouth challenge removal of the case to this court on several grounds but chiefly because none of the other defendants joined in or consented to removal–a fatal procedural deficiency. The court agrees. Accordingly, remand is appropriate.

2

**A. Removal Jurisdiction and Procedure[2]**

Generally, any action filed in state court, which a district court would have original jurisdiction over, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If original jurisdiction is founded on a federal question the action is "removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b). The defendant removing the case must file in the appropriate district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served on him. *Id.* § 1446(a). Defendants must file a notice of removal "within thirty days after the receipt by the defendant, through service or

---

[2] As UBS and HealthSouth note, some of the federal venue and jurisdictional statutes, including 28 U.S.C. § 1446, were recently amended by Congress under the Federal Courts Venue Clarification Act of 2011 (the "Act"). The Act applies to actions commenced after January 6, 2012 (30 days following enactment). Pub. L. No. 112-63, § 105(a), 125 Stat. 758, 762 (2012). For purposes of cases removed to federal district court, the applicable commencement date is supplied by the law of the state from which the case was removed. *Id.* § 105(b). ALA. R. CIV. P. 3(a) states that "a civil action is commenced by filing a complaint with the court." The filing of an amended complaint does not commence a new action if "the same substantial facts are pleaded merely in a different form." *Ex parte Johnston-Tombigbee Furniture Mfg. Co., Inc.*, 937 So. 2d 1035, 1038 (Ala. 2005) (internal quotations and citations omitted); *see also* ALA. R. CIV. P. 15(c)(2) ("An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."). The Fourth Amended Complaint was filed on November 9, 2010. The Fifth and most recent Amended Complaint was filed on March 9, 2012 and is based on the same substantial facts as the Fourth Amended Complaint with the addition of defendants William Owens and Eugene Smith and claims under the 1934 Securities Exchange Act. (*See* doc. 3.) Thus, the court finds that the Act does not apply as a new action did not commence upon filing of the Fifth Amended Complaint.

otherwise, of a copy of the initial pleading." *Id.* § 1446(b). Except where it is claimed that the district court lacks subject matter jurisdiction, a motion to remand "must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* § 1447(c).

It is well-settled in the Eleventh Circuit that the removal statutes are narrowly construed. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). Further, the Eleventh Circuit recognizes that "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). The removing defendant bears the burden of showing removal is appropriate. *See Murphree v. Am. Fed'n of Gov't Emps., AFL-CIO*, 4:11-CV-2563-KOB, 2012 WL 1058358, at *2 (N.D. Ala. Mar. 27, 2012) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)).

Although the former version of 28 U.S.C. § 1446[3] does not require that all defendants consent to removal, it is well-recognized in the Eleventh Circuit that the exercise of federal jurisdiction in the context of removal is limited by certain procedural prerequisites:

> Beginning with the United States Supreme Court's decision in *Chicago R.I. & Pac. Ry. Co.,* 178 U.S. at 248, 20 S.Ct. 854, 44

---

[3] *See supra* note 2.

> L.Ed. 1055, federal courts have universally required unanimity of consent in removal cases involving multiple defendants. There are several such bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.

*Russell Corp.*, 264 F.3d at 1050. It has thus been held that a failure of all defendants to consent in some form to removal is a procedural defect. *See, e.g., Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009); *Russell Corp.*, 246 F.3d at 1049; *First Lowndes Bank v. KMC Grp.*, CIV.A. 2:08CV906-WHA, 2009 WL 174972, at *2 (M.D. Ala. Jan. 26, 2009); *Yezzi v. Hawker Fin. Corp.*, CIV.A. 09-0537-KD-N, 2009 WL 4898380, at *2-3 (S.D. Ala. Dec. 14, 2009); *Franklin v. City of Homewood*, CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *4 (N.D. Ala. June 21, 2007).

### B. Exclusive Jurisdiction and the Rule of Unanimity

Smith's Notice claims that unanimity is not required because the Fifth Amended Complaint includes a claim under the 1934 Securities Exchange Act Section (the "Act"), and Section 78aa(a) of the Act provides for exclusive federal jurisdiction.[4] (Doc. 1 ¶ 5.)

---

[4] "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

15 U.S.C. § 78aa(a).

Smith relies primarily on *Ackerman v. Nat'l Property Analysts, Inc.*, an unpublished case from the District Court for the Southern District of New York to support the proposition that unanimity is not required where federal jurisdiction is founded on exclusive jurisdiction under the Act.  No. 92 Civ. 0022 (LJF), 1992 WL 84477 (S.D.N.Y. Apr. 10, 1992).  The original complaint in *Ackerman*, upon which the case was removed to the district court, included claims under Section 10(b) and Rule 10b-5 of the Act.  *Id.* at *1.  One of the non-removing co-defendants moved for remand on the basis that the removing defendant did not obtain its consent to remove the action.  *Id.*  Without any analysis or citation to authority beyond the statute, the *Ackerman* court concluded that unanimity is not required "where the federal courts have exclusive jurisdiction over a cause of action upon which removal is based."  *Id.*  Only one other court has cited *Ackerman* for this proposition.  In *CCW Mgmt., LLC. v. Global Holdings Grp., LLC*, the District Court for the District of South Carolina held under similar facts that unanimity was not required for removal.  Civ. Action No. 4:10-cv-3218-TLW-TER, 2011 WL 3678647, at *8 (D.S.C. July 21, 2011).  The *CCW* court relied on *Ackerman* as primary support but offered no further discussion or reasoning.

     Despite Smith's reliance on *Ackerman*, the court is bound by the above-quoted Eleventh Circuit precedent requiring unanimity in all instances of removal.  *See Russell Corp.*, 264 F.3d at 1050.  Further, at least two district courts within this circuit have

explicitly held that a claim providing for exclusive federal jurisdiction does not exempt defendants from unanimously consenting to removal:

> Few courts have addressed the issue of exclusive federal jurisdiction coupled with defective removal, but a majority of those have favored remand. A court in the Middle District of Florida spoke on the matter . . . [and] held that "removal is permitted only if the statutory requirements have been satisfied and the fact that the Court might have exclusive jurisdiction does not dispense with the necessity of complying with the statutory requirements." Other courts have agreed.

*Harbour Light Towers Ass'n, Inc. v. Ameriflood, LLC*, 8:10-CV-2183-T33EAJ, 2011 WL 2517222, at *6 (M.D. Fla. June 23, 2011) (quoting *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 944 (M.D. Fla. 1993)) (citing *Malone v. Malone*, 2007 WL 789449, at *5 (D. Or. 2007); *Viala v. Owens–Corning Fiberglass Corp.*, 1994 WL 139287, at *3 n.3 (N.D. Cal. 1994)).

No other defendants have joined in or consented to Smith's notice of removal–a fatal procedural defect in this district and the Eleventh Circuit. What's more, the Motions to Remand presently before the court were filed by HealthSouth and UBS, two named defendants in this case. Thus, this case is due to be remanded. HealthSouth's and UBS's Motions will be granted, and the case will be remanded in accord with the court's Order entered contemporaneously herewith.

**DONE** this 10th day of September, 2012.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE